Lonnie Larson
2035 Holowai Place C-8
Wailuku, HI. 96793
Ph 808- 281-4444
email:lonnielarsonada@yahoo.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 2 2015

at 4 o'clock and 40 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

HONOLULU DIVISION

ORGINAL

LONNIE E. LARSON

Plaintiff

STARBUCKS
PUKALANI TERRACE CENTER #17
55 PUKALANI, HAWAII 96768

STABUCKS CORPORATE OFFICE
10 WARD AVE. #105
HONOLULU,HI.96814

Defendants

Civil Action No. CV15 00012 ACK
BMK

**VERIFIED COMPLAINT**

## PARTIES, JURISDICTION AND VENUE

1.)Plaintiff is a resident of the State of Hawaii.

2.) Defendants are residents of State of Hawaii and a limited liability companies

organized, qualified to do business and existing under the laws of the State of

Hawaii whose principal place of business is located at Pukalani Terrace Center, 55 Pukalani, Hawaii 96768.

3.) The Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff's American with Disabilities Act claims presents a Federal question against the Plaintiff.

4.) This Court has subject jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 ( a) (1) because Plaintiff and Defendant are citizens of the same state, the amount in controversy is $75,000.00 including interest and costs .

5.) This Court has jurisdiction to award declaratory relief pursuant to 28 U.S.C. § 2201. This Court has jurisdiction to award injunctive release 28 U.S.C §. 2202. This Court has ancillary and or supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a) over Plaintiff's state law causes of action.

6.) Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(3) because the causes of action arose in this district, Defendant did business within this district and pursuant to 28 U.S.C. § 124(c)(3).

Plaintiff is a resident of the district. Defendants committed tortious acts in this district and in the district of Hawaii.

## FACTUAL ALLEGATIONS

7.) Plaintiff is permanently disabled from an accident of 2/2/02 according to the Social Security Disability Administration criteria for partial permanent disability and also with Hawaii Disability Rights Center, Honolulu, Hawaii.(Exhibit # 1 )

8.) Plaintiff has a Permanent Partial Disability impairments that "Meets the Definition of Disabled" with the American Disability Act 1990 and was certified

2

by Social Security Administration on Feb. 26, 2002. (Exhibit # 2 )

9.) Plaintiff has disability mobility impairments and utilizes a "Medically Certified Service Dog" for assistance, certified by his Occupational Doctor at WorkStar Inc. and registered with the State of Hawaii. (Exhibit # 3 ) .

10.) Plaintiff was a member of the Armed Forces of United States of America, Air National Guard and Honorably Discharged (Exhibit # 4 ) .

11.) Plantiff's permanent disabilities were compromised by the lack of compliance of the Defendant's facility on January 12, 2013.

12.) As a result of Defendants non-compliance with ADA Design Standards of 2010, Plaintiff suffered injury to his left foot big toe and adding re-injury to his disabilities to his lower back, neck, left shoulder, right hip which aggravation for his migraine headaches and include mental suffering, mental anguish and mental fatigue. Plaintiff also suffered injury including highly unpleasant mental reactions, such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.

13.) On January 13, 2013 Plaintiff arrived at the Defendant's Pukalani Terrace Center and Starbucks Coffee Store and upon attempting to enter the store injured left big toe on the steps and stumbled there on to the stairs. There was no ADA compliance ramp into the store or signage indicating how to enter the store through another door that was in compliance.

14.) Defendant's facility did not comply with the following area; 2010 ADA Design Standards for Accessible Design.

15.) Defendant has admitted non-compliance in an email to the Plaintiff.
(Exhibit #5)

405 Ramps 405.1 General. Ramps on accessible routes shall comply with 405.

405.2 Slope. Ramps run shall have a running slope not steeper than 1:12.

Exceptions : in existing sites, building and facilities, ramps shall be permitted to
have running slopes steeper than 1:12 complying with Table 405.2 where slopes
are necessary due to space limitations.

15.) Photos of existing stairs and location at Pukalani Terrace Center and
Starbucks Coffee Store at Pukalani Terrace Center . ( Exhibit # 6 )

16.) Plaintiff attended his injury by reporting to Orthopedic Doctor and reporting
the accident. ( Exhibit # 7 )

17.) Plaintiff, contact the Pukalani Terrace Center regarding this accident on May
7, 2013 and May 27, 2014 has not been contacted in regard to this matter and not
cooperated in multiple attempts to settle this matter . ( Exhibit # 8 )

18.) Plaintiff filed a ADA complaint with Dept. of Justice regarding the accident
and non-compliance with Design Standards of 2010 on May 30, 2013.
(Exhibit # 9)

## COUNT I

## NELIGENT INFLICTION OF EMOTIONAL DISTRESS

19.) Plaintiff hereby incorporates by reference the factual allegations contained in
paragraphs 1-18 above.

4

20.) Defendant's conduct was substantial invasion of legally protected interest which caused a significant impact upon Plaintiff.

21.) As result of Defendant's non-compliance and conduct Plaintiff suffered injury, including mental suffering, mental anguish , mental or nervous shock , or like. Plaintiff also suffered injury including highly unpleasant mental reactions, fright, horror , grief, shame , humiliation, embarrassment ,anger, chagrin, disappointment and nausea .

22.) Defendant's conduct caused significant impact upon Plaintiff including emotional distress so severe that no reasonable person could be expected to endure it.

23.) The serious or severe emotional distress caused to the Plaintiff was the reasonably foreseeable consequences of Defendant's negligent acts or omissions.

24.) Defendants are jointly and severally liable to Plaintiff for injuries he suffered.

25.) Plaintiff demands compensatory damages for the injuries suffered caused by Defendant's conduct.

COUNT II

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26.) Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-25 above.

27.) Defendant's conduct was willful and intentional or malicious wrongs. Defendant's conduct was willful, malicious , gross negligence, or reckless disregard for the rights of Plaintiff. Defendants acted with malice , fraud, gross

5

negligence ,or oppressiveness which was not the result of a mistake of fact of

law, honest error or judgment , overzealousness, mere negligence,or human

failing.

28.) The serious or serve emotional distress caused to the Plaintiff was the

reasonable foreseeable consequence of the Defendant's intentional acts or

omissions.

29.) Defendant are jointly and severally liable to Plaintiff for injuries he suffered .

30.) Plaintiff demands compensatory damages and punitive damages for the injury

suffered caused by the Defendants.

COUNT III

UNLAWFUL DISCRIMINATION UNDER ADA

31.) Plaintiff hereby incorporates by reference the factual allegations contained in

paragraphs 1-30 above.

32.) Plaintiff has disability with the meaning of American with Disabilities Act 42

U.S.C. § 12101 ,et.seq. Plaintiff has a physical or mental impairment that

substantially limits one or more of the major life activities of Plaintiff. These

activities include walking, working, sleeping, thinking and concentrating. Plaintiff

has a record of such impairment. Plaintiff is being regarded as having such an

impairment. Plaintiff is qualified individual with a disability within the meaning

of ADA.

33.) Plaintiff meets the essential eligibility requirements for protection under the

ADA. Plaintiff's dog is a service animal within meaning of ADA. 28 C.F.R. §

36.302(c).

6

34.) Defendants are private entities with meaning of America with DisabilitiesAct .

35.) 28. C.F.R. § 36.201(a) provides that:

Prohibition of discrimination.

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns ,leases ( or leases to ) ,or operates a place of public accommodation.

36.) Defendants placed undue burdens on Plaintiff that involved significant difficulty or expense in violation of ADA. Defendants denied reasonable accommodations for Plaintiff. Defendants discriminated against Plaintiff, a qualified individual on the basis of his disabilities.

37.) Defendants discriminated against Plaintiff, a qualified individual with a Disability shall in violation of the ADA , 42 U.S.C. § 12132 and 28 C.F.R. § 36.201(a), by excluding him from participation in or denying the benefits of services, programs or activities of public entity, or subjected him to discrimination by any such entity by reason of Plaintiff's disability.

38.) 42 U.S.C. § 121 82(b) prohibits participation in unequal benefits:

It shall be discriminatory to afford an individual on the basis of a disability with the opportunity to participate in or benefit from a good that is not equal to that afforded to other individuals.

(iii) Separate benefit

It shall be discriminatory to provide an individual on the basis of a disability with a good that is different or separate from that provided to other individual, unless such action is necessary to provide the Individual a good, service facility, privilege, advantage or accommodation, or other opportunity that is as effective that provided to others.

42 U.S.C. § 12182 (b) (1) (ii) –(iii).

7

39.) Defendants Pukalani Terrace Center and Starbucks in Pukalani are places of public accommodations with the meaning of 42 U.S.C. § 12181(7)(G).

40.) Defendants Pukalani Terrace Center and Defendant Starbucks at Pukalni Terrace Center discriminated against Plaintiff on the basis of his disabilities by refusing to provide proper signage of an alternative safe entrance with a ramp and not accommodating himself and his service animal at Pukalani Terrace Center and Starbucks at Pukalani Terrace Center on January 12, 2013 in violation of the ADA

41.) U.S.C. §12132, 42 U.S.C§. 12182(a)&(b), 28 C.F.R §. 36.201 (a) and 28 C.F.R. § 36.301- 36.306.

42.) Defendant's actions are alleged herein have resulted in the will continue to result in and will continue to result in irreparable injury for which Plaintiff has no adequate remedy at law.


WHEREFORE, Plaintiff, demands judgment on his claims in the form of declaratory, injunctive and monetary relief, including punitive damages in the total sum of $75,000.01 and prejudgment interest and any other relief that is just and proper .

January __7__, 2015

Respectfully submitted,

Lonnie Larson

Plaintiff, pro-se

This document was prepared with assistance because of my health issues and disability.